## JOHN PHILLIPS *vs.* THE COMMONWEALTH.

In an indictment on *St.* 1804, *c.* 143, § 4, charging the breaking and entering, in the night time, of a shop or office, and stealing therein, it was not necessary to aver that the shop or office was " not adjoining to or occupied with a dwellinghouse."

Where a defendant was convicted, in 1825, on an indictment which charged him with breaking and entering a shop in the night time, with intent to steal, and stealing therefrom, and which also alleged that he had, in 1818, been convicted of two similar offences, and had been thereupon sentenced to the state prison, and been discharged therefrom ; it was held, that a sentence to three days' solitary imprisonment and five years' confinement to hard labor in the state prison, was not erroneous, although, by the law then in force, he should have been sentenced to the state prison for life.

Where a defendant was convicted in May 1832 of a larceny in a dwellinghouse, committed in March 1832, and was sentenced to the state prison, and an information for additional punishment was filed against him, and found true in 1836, which information alleged that he had been twice before convicted and sentenced to the state prison and had been discharged therefrom ; it was held, that a sentence to the additional punishment of one day's solitary imprisonment and seven years' hard labor in the state prison, was well warranted by the law then in force.

Two writs of error. The first was brought to reverse a judgment of the municipal court, rendered at May term 1825 ; and the second to reverse a judgment of the same court, rendered at May term 1836. The indictment, on which the first judgment was rendered, charged the defendant (the plaintiff in error) with breaking and entering a shop, in the night time, with intent to steal, and stealing therein divers goods ; and it also set forth that he had been previously convicted of two similar offences, at the March term 1818 of the same court, and had been sentenced therefor to solitary imprisonment and hard labor in the

state prison. On this indictment, the plaintiff in error was tried and convicted, and was sentenced to three days' solitary imprisonment, and five years' hard labor in the state prison.

The second judgment, which the plaintiff in error sought to reverse, was on an information for additional punishment. This information set forth the abovementioned conviction and sentence in 1825, the execution of that sentence, and the discharge of the prisoner, and his departure from the state prison on the 11th of May 1831 ; and it alleged that the prisoner, prior to that conviction and sentence, had been sentenced to hard labor, for a term of years, in the state prison, viz. at March term 1818, which sentence had been executed, and the prisoner thereupon been discharged on the 6th of May 1824. The information further alleged, that the prisoner was convicted, at the May term 1832, of larceny in a dwellinghouse, on the 15th of March 1832, and was sentenced therefor to one day's solitary imprisonment, and four years' hard labor in the state prison, and that he was then in said prison, in pursuance and execution of that sentence. The prayer of said information was, that such additional punishment of the last mentioned offence might be awarded, as was by law provided in cases of convicts who had been twice before convicted and sentenced to a state prison, and been twice discharged therefrom. This information was found by a jury to be true, and an additional punishment was awarded, of one day's solitary imprisonment, and seven years' hard labor in the state prison.

These cases were argued at the last March term.

*G. Bemis,* for the plaintiff in error. The judgment of 1825 is erroneous, as the indictment did not aver that the shop was not adjoining to or occupied with a dwellinghouse. [See the argument on this point, *Devoe* v. *The Commonwealth, ante,* 316.] That judgment being erroneous, there was but one former sentence and discharge of the prisoner set forth in the information, and he was not liable to additional punishment. By *St.* 1832, c. 73. such punishment could be inflicted only on such convicts as had before been twice sentenced to more than a year's confinement in a state prison, and had been twice discharged there-

from. That statute was applicable to the prisoner's case, when he was brought up on the information. *Commonwealth* v. *Getchell*, 16 Pick. 452. *Commonwealth* v. *Mott*, 21 Pick. 492.

The judgment of 1825 cannot be sustained as a judgment for an additional punishment, although former convictions were set forth in the indictment. For, by *Sts.* 1817, *c.* 176, § 5, and 1827, *c.* 118, § 19, which were then in force, the additional punishment must have been by confinement to hard labor for life. And the prisoner is as well entitled to a reversal of that judgment on this ground, as he would have been if the additional punishment thereby inflicted had been greater than was warranted by law. *The King* v. *Bourne*, 7 Adolph. & Ellis, 58. *The Queen* v. *Hartnett*, Jebb's Crown Cases, 302.

If, however, the judgment of 1825 was not erroneous, and if the last section of the " act to amend the revised statutes " was applicable to the prisoner's case when he was before the court on the information, so that an additional sentence to seven years confinement to hard labor might have been legally awarded ; still the sentence awarded on the information was erroneous, as it included one day's solitary imprisonment, which that section does not warrant.

*Austin*, (Attorney General,) for the Commonwealth.

SHAW, C. J. The prisoner, who brings these writs of error, has been before the court on a former occasion. *Commonwealth* v. *Phillips*, 11 Pick. 28.

The principal objection to the validity of the first judgment which the prisoner seeks to reverse, and the only one assigned for error, is, that the defendant was charged with breaking a shop in the night, and stealing therefrom, without averring that it was a shop not adjoining a dwellinghouse. This was fully considered, and decided recently, in the case of *Devoe* v. *The Commonwealth*, (*ante*, 316,) in which it was held that this is not an error which invalidates the judgment.

Another error was assigned at the hearing, namely, that as two prior convictions were recited in the indictment on which the conviction and judgment of the municipal court were had, a

Phillips *v.* The Commonwealth.

May term 1835, the judgment ought to have included the addi
tional punishment prescribed by *St.* 1817, *c.* 176, § 5, which
was then in operation, and by force of which he might have
been sentenced to the state prison for life ; and because such
was not the sentence, the judgment was erroneous. It is not
to be disregarded, that the construction first put upon this stat
ute, and for several years after its enactment, by the municipal
court, was, that to render the convict liable to the punishment of
imprisonment for life, the convict must have been at two several
times before, convicted and sentenced, and at two several times
discharged from the state prison. It is true, that this court de-
cided in *Commonwealth* v. *Phillips,* 11 Pick. 28, on this same
judgment, that two convictions, followed by two distinct sen-
tences to the state prison, at one and the same term of a court,
were two convictions, within the meaning of this statute. This
was decided in 1831, and probably gave rise to the statute pass-
ed at the next session of the legislature, (*St.* 1832, *c.* 73,)
providing that there should be two several convictions, and sen-
tences to the state prison, and two distinct discharges there-
from, in order to bring the party within this provision of *Sts.*
1817 and 1827. The two convictions, recited in the judgment
of 1825, were convictions at one and the same term of the mu-
nicipal court. But supposing that decision on the construction
of the statute, as the law then stood, was right, and that the
municipal court might and ought, under that conviction, to have
sentenced the prisoner to the state prison for life, as upon a
third conviction ; yet the court are of opinion, that the direct
penalty, prescribed as the punishment of the offence, as set
forth in the indictment and found by the jury, and the additional
punishment to which he was liable on being sentenced a second
or third time, by a separate statute, are so far separate and dis-
tinct in their nature, that a sentence, imposing the former, was
not erroneous because the latter was not added. We have al-
ready decided, in reference to this same judgment, that the
omission of the court to impose an additional punishment upon
'he original conviction, when the prior convictions are brought
judicially before the court by the indictment, affords no reason

for sustaining an information subsequently filed for imposing the additional punishment, by a separate judgment. 11 Pick. 28. It is impossible therefore that the prisoner could suffer any injury or inconvenience, by the omission of the additional punishment. The court are therefore of opinion that the judgment for the penalty prescribed for the particular offence was well warranted by law, without annexing the additional punishment ; and that the omission of such additional punishment does not render the judgment erroneous and require it to be reversed.

Another writ of error is brought by the prisoner, to reverse a judgment against him at the May term, 1836, of the municipal court, awarding an additional punishment of one day's solitary imprisonment and seven years' hard labor, in the state prison.

The success of this attempt to reverse the judgment for additional punishment depends mainly, indeed wholly, on his success in reversing the judgment of 1825. If that judgment had been reversed, so that upon his conviction at May term 1832, he could be regarded only as a *second* comer to the state prison, there would have been good ground to contend that the judg ment for additional punishment as such second comer, could not be upheld. He was indicted in May 1832, for an offence alleged to have been committed in March 1832. At that time, *St.* 1832, *c.* 73, was in force, having been passed on the 29th of February 1832. By this statute, it was provided, that no convict should thereafter be sentenced to additional punishment, unless it should be alleged and proved, that he had been, at two several times before, sentenced to the state prison, and twice discharged therefrom. This statute, however, was repealed by *St.* 1833, *c.* 85, and the former law, in respect to second and third comers, restored. The last provision was substantially re-enacted by the " act to amend the revised statutes," which was in force, when the judgment now under consideration was passed. But as we have now decided, that the judgment of 1825 was a valid judgment, and as there was a previous uncontested conviction, and sentence to the state prison ; then in May 1832, vhen the prisoner was convicted, and in March 1832, when the offence was committed, he did stand chargeable with two valid

convictions, on the ground of which, he was liable, for his third offence, to the additional punishment, as a *third* comer. The *St.* of 1832 did not affect the case of those who had been at two several times previous sentenced to the state prison, and twice discharged. Those who stood in that predicament have at all times been liable to such additional punishment, since the first adoption of this principle of cumulative punishment, for successive penitentiary offences, by *St.* 1817, *c.* 176, §§ 5, 6.

The *St.* of 1833, besides restoring the provisions of law relating to second and third commitments to a state prison, also provided, that upon a third conviction and sentence, the convict might be sentenced for his life, or for any term not less then seven years.

The fact, that the prisoner was rightly sentenced as a *third* comer, also answers one other objection to this judgment, which was, that as the punishment exceeded the term of seven years, by one day, it was erroneous, inasmuch as second comers were not liable for any term exceeding seven years.

The sentence, then, for seven years and one day, was not excessive or illegal.

The court are therefore of opinion, that the judgment for additional punishment on information, rendered at the municipal court, May term 1836, was not erroneous, and that the same ought to be affirmed.

*Judgments affirmed.*